09-1663-ag
Lin v. Holder

BIA
Romig, IJ
A 099 672 801

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of February, two thousand ten.

PRESENT:
> JOHN M. WALKER, Jr.,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> > *Circuit Judges*.

_____

DE HE LIN,
> *Petitioner*,

v.                                    09-1663-ag
                                      NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent*.

_____

FOR PETITIONER:        Michael Brown, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Daniel E. Goldman, Senior
                       Litigation Counsel; Matthew A.
                       Spurlock, Attorney, Office of
                       Immigration Litigation, Washington,
                       D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner De He Lin, a native and citizen of China, seeks review of the March 26, 2009 order of the BIA affirming the October 17, 2007 decision of Immigration Judge ("IJ") Jeffrey L. Romig denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin De Hao*, No. A 099 672 801 (B.I.A. Mar. 26, 2009), *aff'g* No. A 099 672 801 (Immig. Ct. N.Y. City Oct. 17, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's determination under the "substantial evidence" standard. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The IJ's adverse credibility determination was supported by substantial evidence. As a preliminary matter, Lin's argument that the IJ erred by relying on inconsistencies too minor and unrelated to his claim is without merit. Under the REAL ID Act, which applies to Lin's application for relief, an IJ may rely on *any* inconsistency when making a credibility

2

determination without regard to whether that inconsistency goes to the heart of the applicant's claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

In addition, we uphold the IJ's finding that the abortion certificate Lin submitted reflected adversely on his credibility. *Id.* Lin argues that the IJ engaged in impermissible speculation regarding the authenticity of the certificate and placed excessive reliance on the State Department Report in the record. However, we have held that an IJ may properly disbelieve an asylum applicant's claim that the Chinese government issued his wife a so-called "abortion certificate" following her involuntary abortion, when the State Department reports that its officials are "unaware" of the Chinese government issuing such certificates for anything other than voluntary abortions. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006).

The IJ also properly found that Lin's inconsistent explanations regarding his reason for obtaining a passport in China undermined his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Initially, Lin testified that he obtained the passport because he wanted to be smuggled into the United States. However, when the IJ pointed out that Lin received the passport before his alleged difficulties with Chinese authorities began, Lin replied that he got the

3

passport so that he could go on vacation. When the IJ asked Lin if he planned to go on vacation at that time, he first replied "no," but then changed his answer to "yes," stating that he "planned to go on vacation."

Ultimately, substantial evidence supported the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin*, 534 F.3d at 167. Therefore, because the only evidence that Lin was likely to be persecuted or tortured depended upon his credibility, the adverse credibility determination in this case necessarily precluded success on his claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4